# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:12-cr-20284-JPM |
| WAYNE DAVID McALPIN, JR., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING ORAL MOTIONS TO SEVER COUNTS 5 AND 6 FROM THE SUPERSEDING INDICTMENT**

Before the Court were the Motion to Sever filed by Defendant Wayne David McAlpin, Jr., ("Defendant McAlpin") on November 30, 2012 (ECF No. 53); the Motion to Sever filed by Defendants Pyramid Used Cars, Inc. ("Defendant Pyramid"), and Budget Auto Sales of Memphis ("Defendant Budget") on March 25, 2013 (ECF No. 86); and the Motion to Sever filed by Defendant Brian W. Bowman ("Defendant Bowman") on March 25, 2013 (ECF No. 87). In all of the Motions, Defendants seek to sever Count 5 from the Indictment (ECF No. 1) pursuant to Federal Rules of Criminal Procedure 8(a) and 14.[1] (See ECF No. 53 at 2, 4; ECF No. 86 at 2, 4; ECF No. 87 at 1.) Plaintiff United States of America (the "Government") responded in opposition to all of the Motions to Sever. (See ECF No. 55; ECF No. 93.)

---

[1] Pursuant to Federal Rules of Civil Procedure 8(b) and 14, Defendant Bowman also seeks severance of parties due to the inclusion of Count 5 in the Indictment. (See ECF No. 87.)

On May 1, 2013, the Court dismissed as moot Defendants' Motions to Sever. (ECF No. 105.) The Court found that "[t]he new charge in the Superseding Indictment [(ECF No. 94)] . . . is directly related to the issue raised in the Motions to Sever." The new charge in the Superseding Indictment, Count 6, charges Defendant McAlpin with possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (ECF No 94 at 8.) This new charge is related to the issue of severing Count 5, which charges Defendant McAlpin with possession of "a Glock semi-automatic pistol" in violation of 18 U.S.C. § 922(g)(1). (See ECF No. 1 at 9; ECF No. 94 at 7.)

On May 3, 2013, Defendants appeared for their final Report Date and Defendant McAlpin was arraigned on Count 6. (ECF No. 108; ECF No. 109.) Present before the Court were Defendant McAlpin and his counsel, Murray B. Wells; Defendant Bowman and his counsel, Robert M. Brannon, Jr., and Timothy J. Francavilla; Defendant James Austin ("Defendant Austin") and his counsel, William Joshua Morrow; Thomas E. Hansom representing Defendants Pyramid and Budget; and Jerry R. Kitchen and Christopher E. Cotton representing the Government. (ECF No. 109.)

During the final Report Date, all Defendants reasserted their Motions to Sever to include Counts 5 and 6. Defendants argued that both Counts 5 and 6 should be severed from the Superseding Indictment. The Government reasserted its

opposition to the Motions to Sever and argued that Counts 5 and 6 should not be severed from the Superseding Indictment.

For the reasons stated below, Rule 8(a) requires the Court to sever Counts 5 and 6 from the Superseding Indictment. The Motions orally reasserted to the Court at the final Report Date, which requested severance of Counts 5 and 6, are GRANTED. Counts 5 and 6 are hereby SEVERED from the Superseding Indictment.

**I.  BACKGROUND**

On October 30, 2012, the Government filed an Indictment against Defendants that consisted of five Counts and an allegation of forfeiture related to the first three Counts. (ECF No. 1.) On April 17, 2013, the Government filed a Superseding Indictment that included a new charge, Count 6.[2] (ECF No. 94.)

Pursuant to the Superseding Indictment, Count 1 alleges that, "[f]rom in or about May 2005 through on or about August 11, 2011," all Defendants engaged in a conspiracy to carry on "specified unlawful activity, including, but not limited to, drug trafficking" in violation of 21 U.S.C. § 841(a)(1); to launder money in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii); and to engage in

---

[2] In Count 1, the language "a specified unlawful activity, that is[] drug trafficking" was changed to "a specified unlawful activity, including, but not limited to, drug trafficking." (Compare ECF No. 1 at 2-4, with ECF No. 94 at 1-4.) This change is not relevant to the Court's analysis.

monetary transactions in violation of 18 U.S.C. § 1957.  (Id. at 1-5.)  Count 1, and the sections of the statutes referenced in Count 1, make no reference to firearms.

Count 2 alleges that, "[o]n or about May 19, 2011," Defendant Pyramid attempted to, and did, conduct a financial transaction to further drug trafficking, in violation of 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2.  (Id. at 5-6.)  Count 2, and the sections of the statutes referenced in Count 2, make no reference to firearms.

Count 3 alleges that, "[b]eginning on or about August 8, 2011 [sic] and continuing until on or about August 11, 2011," Defendants McAlpin, Austin, and Budget aided and abetted each other in, attempted to conduct, and conducted a financial transaction "involving property represented by a law enforcement officer to be proceeds" from drug trafficking in violation of 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2.  (Id. at 6.)  Count 3, and the sections of the statutes referenced in Count 3, make no reference to firearms.

Count 4 alleges that, "[o]n or about April 3, 2009," Defendants McAlpin and Budget aided and abetted each other in, attempted to cause, and caused "a nonfinancial trade and business to file a report required under [31 U.S.C. § 5331] and regulations prescribed thereunder that contained a material misrepresentation and misstatement of fact" in violation of 31

4

U.S.C. § 5324(b)(2).  (Id. at 7.)  Count 4, and the sections of the statutes referenced in Count 4, make no reference to firearms.

Count 5 alleges that "[o]n or about November 29, 2011," Defendant McAlpin, "having previously been convicted of a crime punishable by imprisonment for a term of imprisonment exceeding one year," possessed "a Glock semi-automatic pistol" in violation of 18 U.S.C. § 922(g)(1).  (Id. at 7.)

Count 6 alleges that "[o]n or about November 29, 2011," Defendant McAlpin, "having previosly been convicted of a crime punishable by imprisonment for a term of imprisonment exceeding one year," possessed fifteen rounds of 9mm caliber ammunition and seventy-five rounds of .380 caliber ammunition in violation of 18 U.S.C. § 922(g)(1).  (Id. at 8.)

The Superseding Indictment further seeks forfeiture from Defendants of the money allegedly laundered, and from Defendants Pyramid and Budget of the assets involved, in Counts 1-3 pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c).  (Id. at 8-16.)

**II. ANALYSIS**

Offenses and defendants can be joined in the same indictment pursuant to Rule 8.  Joinder of offenses is allowed pursuant to Rule 8(a) "if the offenses charged . . . are of the same or similar character, or are based on the same act or

transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Joinder of defendants is allowed pursuant to Rule 8(b) "if [the defendants] are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Under Rule 8(b), however, "[a]ll defendants need not be charged in each count." Id.

"Rule 8 requires a trial court to examine the allegations of the indictment in order to determine whether the joining of the offenses and/or defendants has been proper." United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997); see also United States v. Locklear, 631 F.3d 364, 369 (6th Cir. 2011) (stating that courts in the Sixth Circuit look to the face of the indictment to determine whether to sever offenses pursuant to Rule 8(a)).

"Although [the United States Court of Appeals for the Sixth Circuit] has held that Rule 8 should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." United States v. Chavis, 296 F.3d 450, 456 (6th Cir. 2002) (internal quotation marks omitted). As a result, "[i]f joinder of multiple defendants or multiple offenses does not comply with the requirements of Rule 8, the district court has no discretion

6

on the question of severance." Id. (internal quotation marks omitted); accord United States v. Baltimore, 482 F. App'x 977, 980 (6th Cir. 2012) (quoting Chavis, 296 F.3d at 456).

A defendant may also move for severance pursuant to Rule 14.

> [E]ven if joinder in a given case does comply with Rule 8, Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

United States v. Cody, 498 F.3d 582, 586-87 (6th Cir. 2007) (second two alterations in original) (quoting Fed. R. Crim. P. 14(a)).

"'[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Ross, 703 F.3d 856, 884 (6th Cir. 2012) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" Id. (quoting Zafiro, 506 U.S. at 539).

The Court finds that severance of Counts 5 and 6 is required pursuant to Rule 8(a). As a result, the Court need not

7

consider whether it is appropriate to grant relief pursuant to Rule 8(b) or Rule 14.  The applicability and application of Rule 8(a) to the instant Motions to Sever are considered in turn.

> **A. Rule 8(a) Should Be Applied in the Instant Prosecution.**

The majority of federal circuits do not apply Rule 8(a) to multiple-defendant prosecutions.  See 1A Charles Alan Wright et al., Federal Practice & Procedure § 144 (4th ed. 2008).  The United States Court of Appeals for the Sixth Circuit, however, has not decided whether Rule 8(a) should apply to multiple-defendant prosecutions.  See Zirker v. United States, 253 F. App'x 573, 576 n.3 (6th Cir. 2007) (citing Frost, 125 F.3d at 389); United States v. McGuire, No. 2:11-00003, 2012 WL 668803, at *5 n.5 (M.D. Tenn. Feb. 29, 2012).

In the instant multiple-defendant prosecution, Rule 8(a) should apply for the following two reasons:  (1) the concern of most federal circuit courts, which is that applying Rule 8(a) will result in cumulation of prejudice, is not relevant to the instant prosecution; and, (2) unlike application of Rule 8(b) to the instant prosecution, applying Rule 8(a) will further the purpose of Rule 8.

### 1. The Concern Leading Most Courts Not to Apply Rule 8(a) to Multiple-Defendant Prosecutions Is Not Relevant to the Instant Prosecution.

Most federal circuit courts apply only Rule 8(b) to multiple-defendant prosecutions because applying Rule 8(a) could result in the cumulation of prejudice. See 1A Charles Alan Wright et al., Federal Practice & Procedure § 144 (4th ed. 2008). The relevant difference between Rule 8(a) and Rule 8(b) is "that it is easier to justify joinder under Rule 8(a) because, unlike Rule 8(b), it also permits joinder of offenses which are merely 'of the same or similar character.'" See Frost, 125 F.3d at 389. Allowing joinder of offenses that are merely "of the same or similar character" in multiple-defendant prosecutions could result in the cumulation of prejudice:

> When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.

United States v. Chalmers, 474 F. Supp. 2d 555, 576 (S.D.N.Y. 2007) (quoting Cupo v. United States, 359 F.2d 990, 993 (D.C. Cir. 1966)) (internal quotation marks omitted); see also 1A Charles Alan Wright et al., Federal Practice & Procedure § 144 (4th ed. 2008) (quoting Cupo, 359 F.2d at 993) (noting that the above-quoted "statement from Cupo has often been quoted with

9

approval"). In other words, there will be cumulation of prejudice against a defendant "from the spillover or accumulation of evidence," see United States v. Sw. Bus Sales, Inc., 20 F.3d 1449, 1453 (8th Cir. 1994), if evidence is allowed not only against co-defendants but also regarding offenses committed by those co-defendants that are merely of "the same or similar character" as an offense committed by those co-defendants.

The concern with cumulation of prejudice is not relevant to the instant case. Count 1 alleges conspiracy to sell drugs, to engage in money laundering, and to engage in monetary transactions with criminally derived property of a certain value; Counts 2 and 3 both allege that an unlawful financial transaction was conducted with the proceeds of drug trafficking; and Count 4 alleges the unlawful filing of a report containing a material misstatement or omission. (See ECF No. 94 at 1-7.) In comparison to Counts 1-4, Counts 5 and 6 for unlawful possession of a firearm and ammunition are "entirely distinct offense[s]" because Counts 5 and 6 must be "established on proof of elements unique to [those] offense[s]." See Chavis, 296 F.3d at 458 (internal quotation marks omitted). As a result, the "of the same or similar character" language in Rule 8(a) is not relevant to the instant Motions and the concern with cumulative prejudice will not arise.

### 2. Unlike Application of Rule 8(b) to the Instant Prosecution, Applying Rule 8(a) Furthers the Purpose of Rule 8.

The purpose of Rule 8 is to promote convenience and efficiency. See United States v. Tran, 433 F.3d 472, 478 (6th Cir. 2006) ("[T]he spirit of Rule 8(a) . . . is to promote the goals of trial convenience and judicial efficiency." (internal quotation marks omitted)); United States v. Swift, 809 F.2d 320, 322 (6th Cir. 1987) ("[Regarding Rule 8(b),] the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." (internal quotation marks omitted)).

In the instant prosecution, either Counts 5 and 6 or Defendant McAlpin must be severed pursuant to Rule 8. The Superseding Indictment alleges only that, on November 29, 2011, Defendant McAlpin was a felon who unlawfully possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (ECF No. 94 at 7-8.) The allegations in the Superseding Indictment, therefore, satisfy neither the requirements of Rule 8(a), see infra Part II.B., nor the requirements of Rule 8(b), see United States v. Lewis, 363 F. App'x 382, 390 (6th Cir. 2010) ("'The joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all

counts of the indictment include a common defendant.'" (quoting United States v. Hatcher, 680 F.2d 438, 441 (6th Cir. 1982))). As a result, if Rule 8(a) is applied, Counts 5 and 6 must be severed; if Rule 8(b) is applied, Defendant McAlpin must be severed.

Applying Rule 8(a), as opposed to Rule 8(b), will promote convenience and efficiency because it will not result in any duplicative litigation. See Swift, 809 F.2d at 322 ("[Regarding Rule 8(b),] the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." (internal quotation marks omitted)). Pursuant to Rule 8(a), Counts 5 and 6 will have to be severed and tried separately. Since Counts 5 and 6 apply to only Defendant McAlpin, applying Rule 8(a) will not result in any duplicative litigation regarding any of the Counts in the Superseding Indictment.

Severance pursuant to Rule 8(b), however, would result in duplicative litigation. If Defendant McAlpin is severed, the Government would have to try separately all of the Counts against him, Counts 1, 3, 4, 5, and 6. As a result, the Government would have to try Counts 1, 3, and 4 twice: once against the remaining Defendants in the instant prosecution and once against Defendant McAlpin in a separate prosecution. Unlike application of Rule 8(b), therefore, applying Rule 8(a) will further the purpose of Rule 8.

In summary, the Court finds that Rule 8(a) should be applied to the Motions to Sever because the concern with cumulation of prejudice is not relevant and, unlike the application of Rule 8(b), the application of Rule 8(a) will promote convenience and efficiency.

**B.   Rule 8(a) Requires the Court to Sever Counts 5 and 6.**

Pursuant Rule 8(a), "[w]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001) (alteration in original) (internal quotation marks omitted); see also United States v. Carnes, 309 F.3d 950, 957 (6th Cir. 2002) ("[Pursuant to Rule 8(a),] [j]oinder is proper where two crimes — and their proof — are intertwined.").

In addition, firearms and narcotics charges may be joined by arguing that firearms are "tools of the [drug] trade." Chavis, 296 F.3d at 459.

> The "tools of the trade" argument generally permits joinder only when the firearms charges and the drug charges are "sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan," as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search.

Id. (quoting United States v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987)).

13

In the instant prosecution, based on the allegations in the Superseding Indictment, joinder of Counts 5 and 6 to the other Counts in the Superseding Indictment constitutes misjoinder as a matter of law.[3]  See Chavis, 296 F.3d at 456.  The Superseding Indictment states only that, on November 29, 2011, Defendant McAlpin violated 18 U.S.C. § 922(g)(1) by being a convicted felon in possession of a firearm and ammunition.  (See ECF No. 94 at 7-8.)  The Superseding Indictment does not demonstrate that "the joined counts are logically related[] and [that] there is a large area of overlapping proof."  Graham, 275 F.3d at 512 (internal quotation marks omitted).

Furthermore, the Government raised a version of the "tools of the trade" argument at the final Report Date, but the allegations in the Superseding Indictment are insufficient to support the Government's argument.  The only fact that suggests a temporal or logical connection is the alleged date of the possession.  The allegation that Defendant McAlpin possessed the firearm and the ammunition on November 29, 2011, does not establish that Counts 5 and 6 are "sufficiently connected temporally" to Counts 1, 3, and 4 against Defendant McAlpin.  See Chavis, 296 F.3d at 460 (internal quotation marks omitted).  November 29, 2011, is more than three months after the end of the violations alleged in Counts 1 and 3, more than six months

---

[3] Counts 5-6 and Counts 1, 3, and 4 are not "of the same or similar character."  See supra Part II.A.1.

14

after the end of the violation alleged in Count 2, and more than thirty-one months after the violation alleged in Count 4. See id. (finding that a two-year gap between the offenses "strongly refutes any inference of . . . a connection"); United States v. Malone, No. 1:06-CR-268, 2006 WL 3914747, at *2 (W.D. Mich. Jan. 10, 2007) ("In this case the gun possession and the drug distribution charges were separated by six weeks.  The shorter gap in time is not sufficient to distinguish this case from Chavis or to allow for an inference that the gun possession was connected to the drug distribution."). The Court, therefore, must sever Counts 5 and 6 from the Superseding Indictment. See Chavis, 296 F.3d at 456.

The Government's arguments in its Responses to the Motions, and the arguments it made at the final Report Date, are not dispositive. The Government refers to "intertwined facts," and states that officers found the firearm and "numerous documents relating to the underlying charges in Counts 1, 2, 3, and 4" in the same search of Defendant McAlpin's house. (ECF No. 55 at PageID 160; ECF No. 93 at 5-6.)[4]  The Government also made the argument that Counts 5 and 6 are intertwined with Counts 1-4 during the final Report Date.  The Government, however, recognizes that "[w]hether joinder is proper under Rule 8 is a

---

[4] When documents do not have internal page numbers, the Court will refer to the Page Identification ("PageID") numbers on the top right of documents filed on the Electronic Case Filing system.

15

question of law, determined by the allegations on the face of the indictment." (ECF No. 93 at 4 (citing United States v. Deitz, 577 F.3d 672, 691 (6th Cir. 2009), Chavis, 296 F.3d at 458, and Frost, 125 F.3d at 389).) The allegations in the Superseding Indictment do not refer to "intertwined facts" or the search that led to the discovery of the firearm.

Furthermore, the Government did not discuss the rule requiring a Court to sever offenses that are improperly joined pursuant to Rule 8. See Chavis, 296 F.3d at 456. The Government quotes United States v. Lane, 474 U.S. 438, 449 (1986), to argue that "[r]eversal for misjoinder is proper 'only if the misjoinder results in actual prejudice because it "had substantial and injurious effect or influence in determining the jury's verdict."'" (ECF No. 55 at PageID 159; ECF No. 93 at 3.) The quoted language from Lane, however, refers to appellate-court review for harmless error pursuant to Rule 52(a); it does not explain the standard relevant to a district court's determination of misjoinder pursuant to Rule 8. See Lane, 474 U.S. at 449.

The Government also relies on United States v. Swift, 809 F.2d 320, 322 (6th Cir. 1987) to argue that "[t]he decision to grant or deny a motion for severance is entrusted to the sound discretion of the district court." (ECF No. 55 at PageID 159; ECF No. 93 at 3.) The Government's reliance on Swift is

16

misplaced.  First, regardless of whether a "Rule 14 motion [for severance] is left to the court's discretion," Swift, 809 F.2d at 322, the parties also move for severance pursuant to Rule 8. Second, regarding Rule 8, Plaintiff fails to distinguish between a motion for joinder and a motion for severance.  Rule 8(b) "permit[s] joinder" under certain circumstances, see Swift, 809 F.2d at 322, because "joinder under [Rule 8(b)] is permissive," Graham, 275 F.3d at 512 (internal quotation marks omitted).  The instant Motions, however, request that Counts 5 and 6 be severed, and "the district court has no discretion on the question of severance" when the requirements of Rule 8 are not met, see Chavis, 296 F.3d at 456 (internal quotation marks omitted).

The Court finds that including Counts 5 and 6 in the Superseding Indictment constitutes misjoinder as a matter of law pursuant to Rule 8(a).  The Court, therefore, must sever Counts 5 and 6 from the Superseding Indictment.  See Chavis, 296 F.3d at 456.

**III. CONCLUSION**

For the reasons stated above, Rule 8(a) requires the Court to sever Counts 5 and 6 from the Superseding Indictment.  The Motions orally reasserted to the Court at the final Report Date, which requested severance of Counts 5 and 6, are GRANTED.

Counts 5 and 6 are hereby SEVERED from the Superseding Indictment.

**IT IS SO ORDERED,** this 6th day of May, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE